**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEAN COOK,**

                    **Plaintiff,**

**-vs-**                                                 **Case No. 6:10-cv-934-Orl-28KRS**

**LAW OFFICES OF FORSTER &**
**GARBUS,**

                      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 14)**
>
> **FILED:**      **September 27, 2010**

**I. PROCEDURAL HISTORY.**

Plaintiff Jean Cook filed a complaint against Defendant Law Offices of Forster & Garbus, alleging violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Doc. No. 1. Cook alleged that Forster & Garbus improperly garnished her bank account and took $5,764.24 in its efforts to collect a debt. *Id*. Forster & Garbus had sued Cook and obtained judgment against her in New York, where Cook had not lived since 1989. *Id*. Cook was not served with a

summons and complaint or a notice of garnishment. *Id*. Cook was also charged a $100.00 fee by her financial institution. *Id*.

After the complaint was filed, and before Forster & Garbus answered the complaint, Cook filed a notice of acceptance of offer of judgment, indicating that she had settled the matter for $1,500.00 plus reasonable fees and costs. Doc. No. 8. The Court directed entry of judgment in favor of Cook against Foster & Garbus in the amount of $1,500.00 exclusive of attorney's fees and costs. Doc. No. 12. Judgment was entered on September 13, 2010. Doc. No. 13.

The parties were unable to resolve the amount of the attorney's fees due, and Cook filed the above-listed motion. Doc. No. 14. Cook requests $4,587.50 in attorney's fees and $425.00 in costs. Doc. No. 14. The Bill of Costs in the amount of $425.00 has already been taxed against Forster & Garbus so the request for an award of costs need not be considered here. Doc. Nos. 15, 17.

## II..   APPLICABLE LAW.

Pursuant to the FDCPA, an award of attorney's fees to the prevailing party is mandatory. 15 U.S.C. § 1692k. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). This analysis applies when determining a reasonable attorney's fee under FDCPA. *Hollis v. Roberts,* 984 F.2d 1159, 1161 (11th Cir. 1993) (per curiam).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

**III.  ANALYSIS.**

Forster & Garbus does not challenge Cook's entitlement to attorney's fees under 15 U.S.C. § 1692k. Doc. No. 16 at 4. Forster & Garbus challenges the reasonableness of the amount of attorney's fees requested.

Cook seeks fees for the work of the following professionals at the hourly rates set forth below:

| TIMEKEEPER | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Alex Weisberg | .1 | $335.00 | $33.50 |
| Alex Weisberg | 6.2 | $295.00 | $1,829.00 |
| Craig Ehrlich | 3.8 | $335.00 | $1,273.00 |
| Josh Trigsted | .2 | $175.00 | $35.00 |
| Jeanette Soto (Paralegal) | 2.4 | $135.00 | $324.00 |
| Termain Davis (Paralegal) | .6 | $135.00 | $81.00 |
| Paul Zelnick (Law Clerk) | 7.2 | $135.00 | $972.00 |
| Gloria Ramirez (Legal Assistant) | .3 | $100.00 | $30.00 |
| Steve Perez (Legal Assistant) | .1 | $100.00 | $10.00 |

Forster & Garbus challenges the fees on several grounds. First, it alleges that Cook's pre-litigation posture was unreasonable, and that Cook accepted the offer of judgment before the answer was filed. They assert that counsel for Cook refused to provide his time sheets in an effort to settle the attorney's fee issue, and Cook's attorney time should be capped as of that time. Forster & Garbus also argues that the fees were excessive based on the simple, technical nature of Cook's claim, and that the expertise of expensive attorneys was not needed. Forster & Garbus also argues that the time

expended was excessive and there was no need for consulting attorneys to be utilized. In addition, Forster & Garbus argues that public policy favors decreasing the fees in this case.

*A.     Reasonable Hourly Rates.*

First, I must determine a reasonable rate for each of the timekeepers. As an initial matter, I note that the actions performed by Tremain Davis, Gloria Ramirez and Steve Perez are all clerical in nature and therefore, are not compensable.[1] *See, e.g., Reyes v. Falling Star Enterps., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, at *5 & n.2 (M.D. Fla. Oct. 12, 2006). Work that is purely clerical in nature, such as preparing notices of cancellation of depositions, contacting court reporters, mailing, filing, or otherwise delivering documents, and the like, are not compensable hours. *See, e.g., Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.")  Accordingly, I do not determine reasonable rates for their work.

Counsel for Cook argues their hourly rates should be set in accordance with awards for consumer protection cases from other jurisdictions or in accordance with the 2007 Consumer Law Attorney Fee Survey and the United States Attorney's "Laffey Matrix." Counsel also filed the affidavits of consumer advocates. Doc. No. 14-22. The affidavits provided are from attorneys who practice in or are located in Pennsylvania, Georgia, Illinois and California and the attorneys aver that

---

[1] For example, on April 8, 2010, Steve Perez billed 0.1 hours for "received documents from PNC by fax, saved to the shared drive, uploaded to the PNC database, memo to file." Doc. No. 14-18. Similarly, on April 12, 2010, Gloria Ramirez billed 0.1 hours for "received additional documents from pnc by fax, saved to the shared drive, uploaded to the PNC database; memo to file." *Id*. On April 20, 2010, Tremain Davis billed 0.3 hours for "opened new case in computer." *Id*.

the rates and amount counsel for Cook seeks is reasonable. *Id.* I note that these affidavits do not reference a familiarity with the reasonable rates for attorneys in the Middle District of Florida.

The Laffey Matrix "reflects rates for civil attorneys trying federal cases across the United States rather than the prevailing market rates in the relevant legal community - Florida." *Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at * 2 (M.D. Fla. Aug. 18, 2010). I note that this Court has previously referenced the Laffey Matrix in determining the reasonableness of hourly fees for a case brought under the FDCPA. *Stone v. Nat'l Enter. Sys.*, No. 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *5 (M.D. Fla. Oct. 15, 2009). However, the Laffey Matrix is not reflective of prevailing market rates in the Middle District of Florida. The 2007 Consumer Law Attorney Fee Survey also reflects fees from around the state, and is not necessarily reflective of reasonable rates in the Middle District of Florida.

### *Alex Weisberg, Esq.*

Attorney Weisberg seeks an hourly rate of $335.00 for work performed after September 1, 2010, and $295.00 for work performed before that time. Weisberg was licensed to practice law in the State of Illinois in May 2000 and was licensed to practice law in the State of Florida in May 2002. Weisberg is a founding partner of Weisberg & Meyers, LLC and the managing partner of the Firm's Florida Office. Weisberg has been practicing consumer protection litigation since November 2000. Doc. Nos. 14-19 at 1, 14-20.

Attorney Weisberg asserts that he was awarded $300.00 per hour in a case in the Miami-Dade Circuit Court. Doc. No. 14-23. Hourly rates that may be reasonable in Miami are not necessarily reasonable in Orlando.

Judges of this Court have recently determined that hourly rates ranging from $275.00 to $394.00 per hour are reasonable in FDCPA cases for attorneys with fifteen or more years of experience. *See, e.g. Myrick v. Distributions and Acquisition Network*, No. 8:09-cv-1391-T-33TBM, 2010 WL 2179112, at *5 (M.D. Fla. April 28, 2010)($275.00 per hour reasonable for attorney with fifteen years of experience); *Zachloul v. Fair Debt Collections and Outsourcing*, No. 8:09-cv-128-T-27MAP, 2010 WL 1730789, at *2 (M.D. Fla. March 19, 2010)($300.00 per hour reasonable for attorney with sixteen years of experience); *Stone v. Nat'l Enterprise Sys.,* No. 6:08-cv-1523-Orl-22GJK, 2009 WL 3336073, at *2, 5 (M.D. Fla. Oct. 15, 2009)($394.00 per hour reasonable for attorney with fifteen years of experience). In one of these cases, the Court found that $300.00 per hour was reasonable for an attorney with seven to eight years of experience. *Stone*, 2009 WL 3336073, at *5.

The present case began with a single-count complaint alleging a single violation of the FDCPA – filing a legal action against Plaintiff on a debt in the wrong judicial district. Doc. No. 1. The time sheets reflect that the complaint was prepared in one hour by a law clerk and quickly reviewed by an attorney. *See* Doc. No. 14-18 (June 8, 2010 time entries). Litigation concluded before an answer was filed. Under these circumstances, I recommend that the Court find that $275.00 per hour is a reasonable hourly rate for the work of Attorney Weisberg.

*Craig Ehrlich, Esq.*

Attorney Ehrlich seeks an hourly rate of $335.00. Ehrlich was licensed to practice law in the state of Georgia in 1999. Ehrlich has experience in criminal law and appeals, family law, small business and contract litigation, personal injury and medical malpractice litigation, employment law, bankruptcy, and consumer protection. His sole legal work in the case involved initial consultation

with Plaintiff. *See* Doc. No. 14-18 (April 8, April 12 and April 16, 2010 time entries). Based on the analysis of reasonable hourly rate set forth above, I recommend that the Court find that $275.00 per hour is a reasonable hourly rate for Attorney Ehrlich's legal work in this case.

### *Josh Trigard, Esq.*

Attorney Trigsted was admitted to the Oregon State Bar on September 27, 2006, according to the Oregon State Bar website, http://www.osbar.org (last visited October 26, 2010). Trigsted is the managing attorney for the Oregon office of Weisberg & Meyers. In *Myrick* and *Stone*, the Court determined that $225.00 per hour was a reasonable hourly rate in a FDCPA case for attorneys with four to six years of experience. *See Myrick*, 2010 WL 2179112, at *5; *Stone*, 2009 WL 3336073, at *2, 4. For the reasons stated herein, and based on Trigsted's experience, I find that the requested rate of $175.00 per hour is reasonable for Trigsted's work.

### *Law Clerk Paul Zelnick.*

Cook also seeks compensation for work of Paul Zelnick, a law clerk. No further information is provided regarding Zelnick's qualifications or experience. Courts have found $100.00 per hour to be reasonable for the work of law clerks in FDCPA cases. *See Gray v. Fla. First Fin. Group*, 359 F. Supp. 2d 1316, 1319 (M.D. Fla. 2005). Accordingly, I find that a reasonable rate for Zelnick's work is $100.00 per hour.

### *Paralegal Jeanette Soto.*

Cook seeks compensation for the work of Jeanette Soto, a paralegal. No information is presented about Soto's training, skill or experience. This Court has concluded that $95.00 per hour is a reasonable hourly rate for paralegal work in a FDCPA case. *See Selby v. Christian Nicholas & Assoc., Inc.*, No. 3:09-cv-121-J-34JRK, 2010 WL 745748, at *5 (M.D. Fla. Feb. 26, 2010).

Case 6:10-cv-00934-JA-KRS   Document 18   Filed 11/03/10   Page 9 of 12 PageID 178

Accordingly, I find that a reasonable hourly rate for Soto's work as a paralegal, but not for clerical or administrative work, is $95.00 per hour.

    *B.    Reasonableness of Time Expended.*

Based on my review of the time sheets provided, I determine that the following tasks are clerical or administrative work are therefore not compensable:

| DATE | TIMEKEEPER | TASK | HOURS |
| --- | --- | --- | --- |
| 4/8/10 | Ehrlich | Prepared and sent attorney client agreement to PNC | 0.20 |
| 4/8/10 | Ehrlich | Spoke to PNC, she will retrieve contract and return signed to us asap. | 0.10 |
| 4/14/10 | Ehrlich | Fax from PNC is illegible, sent email to PNC staff requesting re-fax of both pages | 0.10 |
| 4/16/10 | Ehrlich | [E]nter client to Amicus DB; . . . memo to open Amicus litigation file. | 0.20[2] |
| 4/20/10 | Weisberg | [R]eview enter client into database with all relevant information; prepare amicus precedent to track litigation progress and status. | 0.20[3] |
| 6/9/10 | Zelnick | Revised and sent complaint to client | 0.30 |
| 6/10/10 | Soto | Performed online search to get registered agent for defendant (.1); prepare Summons (.2); prepare cover sheets (.1); final review of complaint and prepare for filing (.2); prepare cover letter to Court (.1) | 0.70 |

---

[2] These administrative tasks are included within a block billing entry that includes compensable legal work. Accordingly, I recommend that the Court deduct 0.20 hours from the total 0.80 hours worked.

[3] These administrative tasks are included within a block billing entry that includes compensable legal work. Accordingly, I recommend that the Court deduct 0.20 hours from the total 1.0 hours worked.

| 6/18/10 | Soto | Sent complaint to court on disk. | 0.20 |
| 6/23/10 | Soto | Reviewed file-stamped complaint from Court and summons (.1); prepared letter to process server and sent with copy of complaint to be served (.2). | 0.30 |
| 7/16/10 | Soto | Filed affidavit of service. | 0.20 |
| 8/10/10 | Weisberg | File defendant's Offer of Judgment per judge's order | 0.10 |
| 8/13/10 | Soto | File joint status report re attorneys fees | 0.10 |

Accordingly, 0.30 hours should be deducted from Weisberg's time; 1.5 hours should be deducted from Soto's time; 0.60 hours should be deducted from Ehrlich's time; and, 0.30 hours should be deducted from Zelnick's time.

*C.   Lodestar.*

The reasonable attorney's fees for work in this case is, therefore, as follows:

| TIMEKEEPER | HOURS | RATE | TOTAL |
|---|---|---|---|
| Alex Weisberg | 6.0 | $275.00 | $1,650.00 |
| Craig Ehrlich | 3.2 | $275.00 | $ 880.00 |
| Josh Trigsted | .2 | $175.00 | $ 35.00 |
| Jeanette Soto (Paralegal) | .9 | $95.00 | $ 85.50 |
| Paul Zelnick (Law Clerk) | 7.1 | $100.00 | $ 710.00 |
| **TOTAL** | | | **$ 3,360.50** |

*D.   Reductions to the Lodestar.*

Forster & Garbus argues that the fees should be reduced further because Cook adopted an unreasonable litigation posture, Cook agreed to an offer of judgment before the answer was filed, and

that Cook refused to provide counsel time sheets to substantiate claims for attorneys' fees and that time should be capped as of that request. The parties file numerous settlement offers that went back and forth in support of their claims that each side multiplied the proceedings. *See, e.g.*, Doc. Nos. 14-1 through 14-6. Because at one point in time the parties were within $1,000.00 of settling the case without the need of filing a complaint, the Court cannot say which party adopted the "unreasonable litigation posture." In addition, based on the hourly rates and hours worked as reflected on the time sheet, there is no basis to conclude that the parties would have reached agreement on the amount of attorney's fees if Cook had provided time sheets. Therefore, I find no reduction in the lodestar to be warranted based on Cook's litigation strategy.

Forster & Garbus also object that this was a simple case and the expertise of expensive attorneys was not necessary. I have reduced the hourly rate above to account for the lack of complexity of the case. I also note that Cook's attorneys did utilize a law clerk to draft the fee petition. Therefore, no reduction of the lodestar is appropriate on this basis.

Forster & Garbus also object that the work of Craig Ehrlich and Josh Trigsted as consulting attorneys, was not necessary. It appears that Ehrlich and Trigsted were responsible for the initial evaluation of the case and the contact with Cook. There is no showing that their services were duplicative of any other work performed or that the services they performed, as reduced above, were unreasonable.

Finally, Forster and Garbus argue that public policy supports a decrease in the amount of attorney's fees so that debt collectors are not at the mercy of attorneys filing suits mainly to obtain the attorney's fees. Some judges have expressed such a concern regarding technical but harmless violations of the FDCPA, *see, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130

S.Ct. 1605, 1637 (Kennedy & Alito, JJ., dissenting). However, there is no showing that Cook's claim or the violation of the FDCPA here was harmless in light of the actual garnishment of Cook's account without notice to Cook, apparently due to the filing in the wrong court. There has been no showing that these proceedings were continued only to increase fees and costs. Therefore, I recommend that no reduction of the lodestar be made based on the public policy argument.

## IV.　RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Plaintiff's Petition for Attorney's Fees and Costs, Doc. No. 14, be **GRANTED in part** and that Cook be awarded **$ 3,360.50** in attorney's fees. I recommend that the request for costs be **DENIED** as costs have already been taxed against the Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 3, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy